**E-filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

CV 08 1750

CRB

JANET L. AREFI-POUR, CHARLES ATLAS
SAMMIE L. BEASLEY, BILLIE BOONE,
HAZEL BULLOCK, THOMAS F. CHENAULT,
individually and on behalf of his deceased mother,
ESTHER M. CHENAULT, PAMELA CHENIER,
individually and on behalf of her deceased mother,
MARIE CHENIER, WANDA COOPER, LEONARD
EDMONDSON, ROBERT R. EDWARDS, JOHN J.
FINLEY, CHARLES R. FOUST, JR., BURNELLA
GALLOW, NANCY M. GILLETTE, individually and
on behalf of her deceased husband, EARL R. GILLETTE, SR.,
EXIE M. GOSS, JAMES H. HART, BILLY C. HOLSTEAD,
ISAAC KING, DONALD R. LOVETT, LESSIE MIMES,
LOTTIE ROBINSON, individually and on behalf of her
deceased husband, FRANK ROBINSON, BRENDA ROCCIO,
individually and on behalf of her deceased mother, MILDRED
ELI, BEVERLY J. SHOEMAKE, JOSEPH L. SOILEAU,
individually and on behalf of his deceased mother, GLADYS
JOUBERT, JAMES ST. JOHN, DEBORAH TRIMBLE,
and LENA VICTORIAN

CASE NUMBER:_____

PLAINTIFFS,

VERSUS                                    CIVIL COMPLAINT

PFIZER, INC., PHARMACIA
CORPORATION, and G.D. SEARLE, LLC,

DEFENDANTS.

## C O M P L A I N T

COMES NOW, the Plaintiffs, JANET L. AREFI-POUR, CHARLES ATLAS, SAMMIE L.

BEASLEY, BILLIE BOONE, HAZEL BULLOCK, THOMAS F. CHENAULT, individually and

on behalf of his deceased mother, ESTHER M. CHENAULT, PAMELA CHENIER, individually

Page 1 of 17

and on behalf of her deceased mother, MARIE CHENIER, WANDA COOPER, LEONARD EDMONDSON, ROBERT R. EDWARDS, JOHN J. FINLEY, CHARLES R. FOUST, JR., BURNELLA GALLOW, NANCY M. GILLETTE, individually and on behalf of her deceased husband, EARL R. GILLETTE, SR., EXIE M. GOSS, JAMES H. HART, BILLY C. HOLSTEAD, ISAAC KING, DONALD R. LOVETT, LESSIE MIMES, LOTTIE ROBINSON, individually and on behalf of her deceased husband, FRANK ROBINSON, BRENDA ROCCIO, individually and on behalf of her deceased mother, MILDRED ELI, BEVERLY J. SHOEMAKE, JOSEPH L. SOILEAU, individually and on behalf of his deceased mother, GLADYS JOUBERT, JAMES ST. JOHN, DEBORAH TRIMBLE, and LENA VICTORIAN who respectfully represents:

**I.**

1.  This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendants' wrongful conduct including, but not limited to the design, manufacture, distribution, testing, labeling, failure to warn of harmful side effects, warranting, and sale of the prescription drug Celebrex®.

**II.**

**PARTIES**

2.  Plaintiff, Janet L. Arefi-Pour, is a person of the full age of majority and a resident of Lafayette Parish, Louisiana.

3.  Plaintiff, Charles Atlas, is a person of the full age of majority and a resident of Morehouse Parish, Louisiana.

4.  Plaintiff, Sammie L. Beasley, is a person of the full age of majority and a resident of Bossier Parish, Louisiana.

5.  Plaintiff, Billie Boone, is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

6.  Plaintiff, Hazel Bullock, is a person of the full age of majority and a resident of Caddo Parish, Louisiana.

7.  Plaintiff, Thomas F. Chenault, Jr., individually and on behalf of his deceased mother, Esther M. Chenault, a person of the full age of majority and a resident of Rapides Parish, Louisiana.

8.  Plaintiff, Pamela Chenier, individually and on behalf of her deceased mother, Marie Chenier, a person of the full age of majority and a resident of St. Landry Parish, Louisiana.

9.  Plaintiff, Wanda Cooper, is a person of the full age of majority and a resident of Franklin Parish, Louisiana.

10. Plaintiff, Leonard Edmondson, is a person of the full age of majority and a resident of Morehouse Parish, Louisiana.

11. Plaintiff, Robert R. Edwards, is a person of the full age of majority and a resident of Caddo Parish, Louisiana.

12. Plaintiff, John J. Finley, is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

13. Plaintiff, Charles R. Foust, Jr., is a person of the full age of majority and a resident of Ouachita Parish, Louisiana.

14. Plaintiff, Burnella Gallow, is a person of the full age of majority and a resident of Evangeline Parish, Louisiana.

15. Plaintiff, Nancy M. Gillette, individually and on behalf of her deceased husband, Earl R. Gillette, a person of the full age of majority and a resident of Beauregard Parish, Louisiana.

16.	Plaintiff, Exie M. Goss, is a person of the full age of majority and a resident of Caddo Parish, Louisiana.

17.	Plaintiff, James H. Hart, is a person of the full age of majority and a resident of Ouachita Parish, Louisiana.

18.	Plaintiff, Billy C. Holstead, is a person of the full age of majority and a resident of Calcasieu Parish, Louisiana.

19.	Plaintiff, Isaac King, is a person of the full age of majority and a resident of Richland Parish, Louisiana.

20.	Plaintiff, Donald R. Lovett, is a person of the full age of majority and a resident of Calcasieu Parish, Louisiana.

21.	Plaintiff, Lessie Mimes, is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

22.	Plaintiff, Lottie Robinson, individually and on behalf of her deceased husband, Frank Robinson, a person of the full age of majority and a resident of Morehouse Parish, Louisiana.

23.	Plaintiff, Brenda Roccio, individually and on behalf of her deceased mother, Mildred Eli, a person of the full age of majority and a resident of Rapides Parish, Louisiana.

24.	Plaintiff, Beverly J. Shoemake, is a person of the full age of majority and a resident of Calcasieu Parish, Louisiana.

25.	Plaintiff, Joseph L. Soileau, individually and on behalf of his deceased mother, Gladys Joubert, a person of the full age of majority and a resident of St. Landry Parish, Louisiana.

26.	Plaintiff, James L. St. John, is a person of the full age of majority and a resident of Bossier Parish, Louisiana.

27.     Plaintiff, Deborah H. Trimble, is a person of the full age of majority and a resident of Acadia Parish, Louisiana.

28.     Plaintiff, Lena Victorian, is a person of the full age of majority and was a resident of Calcasieu Parish, Louisiana.

29.     Defendant, Pfizer, Inc., ("Pfizer") is a Delaware corporation with its principal place of business in New York, New York. In 2003, Pfizer acquired Pharmacia Corporation for nearly $60 billion. At all relevant times, Pfizer and/or its predecessors in interest were engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling the drug Valdecoxib, under the trade name Celebrex® in California, Oregon, Illinois and nationwide.

30.     Defendant G.D. Searle, LLC, formerly known as G.D. Searle & Co. ("Searle") is a Delaware Corporation with its principal place of business in Illinois. At all relevant times, Searle has been engaged in the business of marketing and selling Celebrex® nationwide and in California and Illinois. Searle is a subsidiary of Pfizer, acting as its agent and alter ego in all matters alleged within this Complaint.

31.     Defendant Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business in New Jersey. At all relevant times, Pharmacia, and its predecessors in interest have been engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling Celebrex® nationwide and in California and Illinois.

### III.

### JURISDICTION AND VENUE

32. This is an action for damages, which exceeds seventy-five thousand dollars ($75,000.00).

33. There is complete diversity of citizenship between the Plaintiffs and Defendants. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between Plaintiffs and Defendants.

34. Venue is proper in this United States Judicial District pursuant to 28 U.S.C.A.§ 1391. Defendants marketed, advertised and distribute the dangerous product in the district, thereby receiving substantial financial benefit and profits the dangerous product in this district, and reside in this district under 28 U.S.C.A. § 1391(c), such that venue is proper.

35. At all relevant times herein, Defendants were in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling their product, Celebrex. Defendants at all times relevant hereto designed, developed, manufactured, pr promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned drug. Defendants do substantial business in the State of California and within this Federal Judicial District, advertise in this district, receive substantial compensation and profits from sales of Celebrex in this District, and made material omissions and misrepresentations and breaches of warranties in this District so as to subject them to *in personam* jurisdiction in this District. In engaging in the conduct alleged herein each Defendant acted as the agent for each of the other Defendants, or those Defendant's predecessors in

interest.

## III.

## INTERDISTRICT ASSIGNMENT

36. Assignment to the San Francisco Division is proper as this action is related to *in Re: Bextra and Celebrex Marketing Sales Prac. And Pro. Liab. Lit.*, MDL - 1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

## IV.

## FACTUAL ALLEGATIONS

37. Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, Celebrex®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold Celebrex® in Louisiana.

38. Plaintiff, Janet L. Arefi-Pour, ingested Celebrex as prescribed from January 28, 2004 through approximately July 21, 2004. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on January 14, 2003.

39. Plaintiff, Charles Atlas, ingested Celebrex as prescribed from December 6, 2002 through approximately April 2, 2005. As a result of taking Celebrex, Plaintiff suffered a heart attack on April 2, 2005.

40. Plaintiff, Sammie L. Beasley, ingested Celebrex as prescribed from December 26, 2002 through approximately June 30, 2003. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on October 18, 2005.

41. Plaintiff, Billie Boone, ingested Celebrex as prescribed from July 22, 1999 through approximately June 10, 2001. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on June 10, 2001.

42. Plaintiff, Hazel Bullock, ingested Celebrex as prescribed from July 24, 2001 through approximately August 23, 2001 and August 27, 2001 through November 14, 2004. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on August 31, 2001.

43. Plaintiff, Esther M. Chenault (deceased), ingested Celebrex as prescribed from October 27, 2000 through approximately December 23, 2004 and August 24, 1999 through October 26, 2000. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on December 23, 2004.

44. Plaintiff, Marie Chenier (deceased), ingested Celebrex as prescribed from November 12, 2002 through approximately August 19, 2003. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on September 19, 2003.

45. Plaintiff, Wanda Cooper, ingested Celebrex as prescribed from July 22, 2002 through approximately April 22, 2004. As a result of taking Celebrex, Plaintiff suffered a heart attack on March 30, 2004.

46. Plaintiff, Leonard Edmondson, ingested Celebrex as prescribed from November 2000 through approximately December 28, 2005. As a result of taking Celebrex, Plaintiff suffered a heart attack on July 12, 2004.

47. Plaintiff, Robert R. Edwards, ingested Celebrex as prescribed from March 13, 2000 through approximately October 4, 2000. As a result of taking Celebrex, Plaintiff suffered a heart attack on May 5, 2000.

48. Plaintiff, John J. Finley, ingested Celebrex as prescribed from December 18, 2001 through approximately February 2, 2005. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on September 3, 2004.

49. Plaintiff, Charles R. Foust, Jr., ingested Celebrex as prescribed from May 7, 2003 through approximately June 3, 2003. As a result of taking Celebrex, Plaintiff suffered a heart attack on June 23, 2003.

50. Plaintiff, Burnella Gallow, ingested Celebrex as prescribed from August 10, 2001 through approximately February 12, 2002. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on December 19, 2001.

51. Plaintiff, Earl R. Gillette (deceased), ingested Celebrex as prescribed from September 6, 2000 through approximately October 3, 2003. As a result of taking Celebrex, Plaintiff suffered a heart attack on October 2, 2003.

52. Plaintiff, Exie M. Goss, ingested Celebrex as prescribed from February 23, 2000 through approximately June 16, 2003. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on June 16, 2003.

53. Plaintiff, James H. Hart, ingested Celebrex as prescribed from April 7, 1999 through approximately October 26, 2001. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on October 15, 2001.

54. Plaintiff, Billy C. Holstead, ingested Celebrex as prescribed from August 4, 2000 through approximately January 28, 2005. As a result of taking Celebrex, Plaintiff suffered a heart attack on November 4, 2002.

55. Plaintiff, Isaac King, ingested Celebrex as prescribed from October 19, 299 through approximately May 2003. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on May 9, 2003 and July 15, 2003.

56. Plaintiff, Donald R. Lovett, ingested Celebrex as prescribed from January 28, 1999 through approximately July 3, 2001. As a result of taking Celebrex, Plaintiff suffered a heart attack on July 3, 2001.

57. Plaintiff, Lessie Mimes, ingested Celebrex as prescribed from February 12, 2002 through approximately September 29, 2004. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on June 26, 2004.

58. Plaintiff, Frank Robinson (deceased), ingested Celebrex as prescribed from March 6, 2000 through approximately August 17, 2003. As a result of taking Celebrex, Plaintiff suffered a cardiopulmonary arrest on August 17, 2003.

59. Plaintiff, Mildred Eli (deceased), ingested Celebrex as prescribed from September 30, 1999 through approximately February 2000. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on November 11, 1999.

60. Plaintiff, Beverly J. Shoemake, ingested Celebrex as prescribed from October 1, 2004 through approximately January 6, 2005. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on January 7, 2005.

61. Plaintiff, Gladys Joubert (deceased), ingested Celebrex as prescribed from March 18, 1999 through approximately November 19, 2000. As a result of taking Celebrex, Plaintiff suffered a heart attack on November 19, 2000 resulting in death.

62. Plaintiff, James L. St. John, ingested Celebrex as prescribed from July 30, 2001 through approximately April 11, 2005. As a result of taking Celebrex, Plaintiff suffered a heart attack on April 11, 2005.

63. Plaintiff, Deborah H. Trimble, ingested Celebrex as prescribed from December 30, 2003 through approximately January 30, 2004. As a result of taking Celebrex, Plaintiff suffered a heart attack on January 31, 2004.

64. Plaintiff, Lena Victorian, is ingested Celebrex as prescribed from May 3, 2004 through approximately April 4, 2005. As a result of taking Celebrex, Plaintiff suffered a cerebral vascular accident (stroke) on May 8, 2004.

65. At all times relevant herein, Plaintiffs were unaware of the serious side effects and dangerous properties of the drug as set forth herein.

66. Celebrex is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Defendants Searle, Pharmacia and Pfizer did manufacture, design, package, market and distribute this drug. Defendants Searle, Pharmacia and Pfizer (hereinafter "Defendants") encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. These Defendants aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. These Defendants did this to increase sales and profits.

67. At all times relevant hereto, the Defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their

product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiffs' individual rights, and hence punitive damages are appropriate.

68. Defendants materially breached its obligations to consumers, such as the Plaintiffs, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of Celebrex®.

69. Defendants expressly and/or impliedly warranted to the market, including the Plaintiffs, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Celebrex® was safe, effective, fit and proper for its intended use.

70. Defendants were aware of the substantial risks from taking Celebrex® but failed to fully disclose same.

71. Defendants failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiffs, making the Defendants liable for the Plaintiffs' injuries.

V.

### FIRST CAUSE OF ACTION

### PRODUCTS LIABILITY

72. Plaintiffs adopt and re-allege Paragraphs 1-72 above as if fully set forth herein.

73. Celebrex® was defective and unreasonably dangerous when it left the control of the

Defendants pursuant to the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq, in that:

(a) The risk associated with the use of Celebrex® far outweighed the utility derived from using such medications;

(b) Defendants failed to provide adequate warnings regarding the hazards associated with the use of Celebrex®;

(c) Celebrex® was defectively designed and unreasonably dangerous in design and composition in that other medications could achieve similar results without the risks presented by Celebrex®; and

(d) Defendants' Celebrex® failed to comply with express and/or implied warranty(ies) that its products were safe and effective products for human consumption, upon which the Plaintiffs justifiably relied in electing to consume Celebrex®.

74. Defendants were in the business of designing, developing, manufacturing, marketing, distributing, testing, warranting and/or selling Celebrex®.

75. Plaintiffs further allege that Defendants sold and/or distributed Celebrex® in a condition that posed unreasonable risks from reasonably anticipated use. Plaintiffs aver that the aforementioned product expected to and did reach the consumer, Plaintiffs, without substantial change in condition from the time that it left the control of Defendants.

76. The defective condition(s) alleged herein rendered Celebrex® unreasonably dangerous to Plaintiffs and proximately caused the injuries and damages for which recovery is sought.

77. The risks associated with the use of Celebrex® far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by the

Plaintiffs without compromising its usefulness.

78. Defendants knew, or in light of reasonably available knowledge should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary user or consumer of Celebrex® would not realize such dangers.

79. In using Celebrex®, the Plaintiffs relied on the knowledge, skill, judgment, representations, and express and/or implied warranties of the Defendants. Had the Plaintiffs known of the actual dangers associated with the use of Celebrex®, she would not have consumed it.

80. Defendants neglected to provide Plaintiffs warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendants failed to provide warnings which accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of Celebrex®. Had such warnings been provided, the injuries and damages sustained by Plaintiffs could have been avoided.

81. Defendants failed to provide warnings which accurately advised an ordinary physician or other licensed professional who prescribes the drug of the scope, severity and likelihood of serious injury resulting from use of Celebrex®.

82. Plaintiffs contend that Celebrex® failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harms sustained by Plaintiffs.

83. Defendants are liable to Plaintiffs for the damages complained of herein for the respective designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling of

Celebrex®.

## COUNT II
### Violation Of Warranty Of Redhibition

84. Defendants were aware that there was no evidence to suggest that Celebrex® had any measurable efficacy to treat these uses greater than the unwarned risks associated with the ingestion of Celebrex®.

85. Also, because Defendants were also the manufacturer of Celebrex®, Defendant is deemed to be aware of Celebrex®'s redhibitory defects pursuant to LSA-C.C. art. 2545.

86. Because there was no clinically significant evidence proving that Celebrex®, considering its risks, had any particular efficacy in the treatment of Plaintiffs' symptom, and Plaintiffs avers that Plaintiff would not have purchased Celebrex® had Plaintiffs known of its defects.

87. Defendants are thus liable to the plaintiff under the theory of redhibition. Thus, the Plaintiffs are entitled to a return of any purchase price paid, including but not limited to insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled.

## DAMAGES

88. Plaintiffs adopt and re-allege Paragraphs 1-88 above as if fully set forth herein.

89. As a result of Defendants' acts, omissions and/or misconduct, Plaintiffs have suffered compensatory damages, which include, but are not limited to, the following, and are entitled to recover damages in an amount found to be reasonable at the trial of this matter:

    (a) Stroke and related injuries;

    (b) Severe and permanent physical and mental injuries and associated disabilities;

    (c)    Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries;

    (d)    Loss of enjoyment of life;

    (e)    Increased risk of health problems;

    (f)    Loss of past and future income;

    (g)    Past and future medical, rehabilitation, and life care expenses;

    (h)    Mental anguish and emotional trauma;

    (i)    Continued medical monitoring;

    (j)    Any and all other damages to be shown at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for and demands judgment of and from the Defendants, PFIZER, INC., G.D. SEARLE, LLC, and PHARMACIA CORPORATION for actual and compensatory damages in a reasonable amount to compensate Plaintiffs, and Plaintiffs further demand judgment of and from Defendants, PFIZER, INC., G.D. SEARLE, LLC, and PHARMACIA CORPORATION together with pre-judgment interest, post-judgment interest and all costs of this proceeding.

WHEREFORE, Plaintiffs pray:

1. That Defendants be required to answer this complaint after all legal delays have run, all in accordance with law;

2. That Plaintiffs recover their costs for the prosecution of this action;

3. That the Court render judgment in favor of the Plaintiffs awarding all damages and relief as prayed for herein, including attorneys' fees, with all costs assessed against Defendants.

Respectfully submitted,

VANCE ANDRUS
ANDRUS, BOUDREAUX, LEMOINE & TONORE
P.O. Box 3347
416 West Main Street
Lafayette, LA 70502
Telephone: (337) 233-3075

BRYAN AYLSTOCK
JUSTIN WITKIN
AYLSTOCK, WITKIN, KREIS & SASSER, PLLC
4400 Bayou Blvd., Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450

DAWN BARRIOS
BRUCE KINGSDORF
BARRIOS, KINGSDORF & CASTEIX, LP
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
Telephone: (504) 524-3300

MATTHEW LUNDY
LUNDY & DAVIS, LLP
P.O. Box 3010
Lake Charles, LA 70602
Telephone: (337) 439-0707

NEBLETT, BEARD & ARSENAULT
RICHARD J. ARSENAULT - 2563
Attorneys at Law
Post Office Box 1190
Alexandria, LA 71309-1190
Telephone: (318) 487-9874

BY: _____
RICHARD J. ARSENAULT #2563

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Janet L. Arefi-Pour, et al

## DEFENDANTS
Pfizer, Inc., Pharmacia Corporation, G.D. Searle, LLC

**(b)** County of Residence of First Listed Plaintiff: Lafayette Parish, LA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard J. Arsenault
P.O. Box 1190
Alexandria, LA 71309-1190
(318) 487-9874

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☒ 6 Multidistrict Litigation 1699
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: CELEBREX (MDL 1699)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 3/31/08

SIGNATURE OF ATTORNEY OF RECORD