AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND
G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| *This document relates to* | CASE NO. 3:08-cv-1750-CRB |
| JANET L. AREFI-POUR, et al., | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE, LLC, | |
| Defendants. | |

-1-
ANSWER TO COMPLAINT – 3:08-cv-1750-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4  "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5  respectfully show the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs and Decedents were

9  prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only

10  be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals

11  the specific time periods in which Plaintiffs and Decedents were prescribed and used

12  Celebrex®.

**II.**

**ANSWER**

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

accordance with their approval by the FDA.  Defendants admit that, during certain periods of

time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

healthcare providers who are by law authorized to prescribe drugs in accordance with their

approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

in accordance with its FDA-approved prescribing information.  Defendants state that the

potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable

standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused

Plaintiffs or Decedents injury or damages, and deny the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of the Complaint.

**<u>Response to Allegations Regarding Parties</u>**

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3   9.      Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5   citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

6   paragraph of the Complaint.

7   10.     Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

9   citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  11.     Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

13  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

14  paragraph of the Complaint.

15  12.     Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

17  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  13.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

21  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  14.     Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

25  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  15.     Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3   16.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

5   citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

6   paragraph of the Complaint.

7   17.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

9   citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  18.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

13  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

14  paragraph of the Complaint.

15  19.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

17  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  20.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

21  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  21.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

25  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  22.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-5-

ANSWER TO COMPLAINT – 3:08-cv-1750-CRB

and relationship to Decedent, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, as the result of a merger in April 2003, Searle became a subsidiary of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

## Response to Allegations Regarding Jurisdiction and Venue

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny committing a tort in the States of California, and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants admit that they do business in the States of California.  Defendants admit that they do business in the States of California.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to

form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny committing a tort in the States of California, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

36.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

37.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Louisiana, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    effective when used in accordance with its FDA-approved prescribing information.  Defendants

2    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

3    the remaining allegations in this paragraph of the Complaint.

4    40.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

9    the remaining allegations in this paragraph of the Complaint.

10   41.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

15   the remaining allegations in this paragraph of the Complaint.

16   42.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

21   the remaining allegations in this paragraph of the Complaint.

22   43.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

24   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   44.    Defendants are without knowledge or information sufficient to form a belief as to the

1    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

2    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

5    and deny the remaining allegations in this paragraph of the Complaint.

6    45.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

11   the remaining allegations in this paragraph of the Complaint.

12   46.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15   effective when used in accordance with its FDA-approved prescribing information.  Defendants

16   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

17   the remaining allegations in this paragraph of the Complaint.

18   47.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

23   the remaining allegations in this paragraph of the Complaint.

24   48.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   the remaining allegations in this paragraph of the Complaint.

2   49.    Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information.  Defendants

6   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

7   the remaining allegations in this paragraph of the Complaint.

8   50.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendants

12  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

13  the remaining allegations in this paragraph of the Complaint.

14  51.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

16  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

19  and deny the remaining allegations in this paragraph of the Complaint.

20  52.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

25  the remaining allegations in this paragraph of the Complaint.

26  53.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   effective when used in accordance with its FDA-approved prescribing information. Defendants

2   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

3   the remaining allegations in this paragraph of the Complaint.

4   54.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information. Defendants

8   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

9   the remaining allegations in this paragraph of the Complaint.

10  55.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information. Defendants

14  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

15  the remaining allegations in this paragraph of the Complaint.

16  56.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information. Defendants

20  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

21  the remaining allegations in this paragraph of the Complaint.

22  57.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information. Defendants

26  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

27  the remaining allegations in this paragraph of the Complaint.

28  58.    Defendants are without knowledge or information sufficient to form a belief as to the

1    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

2    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

5    and deny the remaining allegations in this paragraph of the Complaint.

6    59.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

8    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

11   and deny the remaining allegations in this paragraph of the Complaint.

12   60.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15   effective when used in accordance with its FDA-approved prescribing information.  Defendants

16   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

17   the remaining allegations in this paragraph of the Complaint.

18   61.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

23   and deny the remaining allegations in this paragraph of the Complaint.

24   62.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

1    the remaining allegations in this paragraph of the Complaint.

2    63.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

7    the remaining allegations in this paragraph of the Complaint.

8    64.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny

13   the remaining allegations in this paragraph of the Complaint.

14   65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny the remaining the allegations in this paragraph of the Complaint.

19   66.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

21   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

22   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

23   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

24   Celebrex® in the United States to be prescribed by healthcare providers who are by law

25   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

26   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

27   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

28   adequately described in its FDA-approved prescribing information, which was at all times

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

67.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedents injury or damage, and deny the remaining the allegations in this paragraph of the Complaint.

68.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

69.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining the allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint.

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining the allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Products Liability**

72.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

73.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

74.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

2    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

3    Celebrex® in the United States to be prescribed by healthcare providers who are by law

4    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

5    that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants

6    deny the remaining the allegations in this paragraph of the Complaint.

7    75.    Defendants admit that Celebrex® was expected to reach consumers without substantial

8    change from the time of sale.  Defendants are without knowledge or information sufficient to

9    form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

10   whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants

11   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

12   approved prescribing information.  Defendants state that the potential effects of Celebrex®

13   were and are adequately described in its FDA-approved prescribing information, which was at

14   all times adequate and comported with applicable standards of care and law.  Defendants deny

15   any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining

16   allegations this paragraph of the Complaint.

17   76.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

19   Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex®

20   was and is safe and effective when used in accordance with its FDA-approved prescribing

21   information.  Defendants state that the potential effects of Celebrex® were and are adequately

22   described in its FDA-approved prescribing information, which was at all times adequate and

23   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

24   deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused

25   Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of

26   the Complaint.

27   77.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

78.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

81.     Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

82.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

83.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

**Response to Second Cause of Action: Warranty of Redhibition**

84.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

85.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations this paragraph of the Complaint.

87.    Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

### Response to Allegations Regarding Damages

88.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

89.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

90.    Answering the first unnumbered paragraph following Paragraph 89 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

91.    Answering the second unnumbered paragraph following Paragraph 89 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

# IV.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and the same is pleaded in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventh Defense**

7.     If Plaintiffs or Decedents sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of Plaintiffs or Decedents and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.     The proximate cause of the loss complained of by Plaintiffs are not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs or Decedents were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedents.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' and Decedents' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedents was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs or Decedents sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedents knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1750-CRB

1  preempted in accordance with the Supremacy Clause of the United States Constitution and by

2  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

3  **Twenty-first Defense**

4  21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

5  the subject pharmaceutical product at issue was subject to and received pre-market approval by

6  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

7  **Twenty-second Defense**

8  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

9  Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

10  and Plaintiffs' causes of action are preempted.

11  **Twenty-third Defense**

12  23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

13  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

14  issue under applicable federal laws, regulations, and rules.

15  **Twenty-fourth Defense**

16  24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

17  action concerning matters regulated by the Food and Drug Administration under applicable

18  federal laws, regulations, and rules.

19  **Twenty-fifth Defense**

20  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

21  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

22  of Comment j to Section 402A of the Restatement (Second) of Torts.

23  **Twenty-sixth Defense**

24  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

25  because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

26  Restatement (Second) of Torts § 402A, Comment k.

27  **Twenty-seventh Defense**

28  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

2    to § 6 of the Restatement (Third) of Torts: Products Liability.

3    **Twenty-eighth Defense**

4    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

5    Products Liability.

6    **Twenty-ninth Defense**

7    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts

8    sufficient under the law to justify an award of punitive damages.

9    **Thirtieth Defense**

10   30.    The imposition of punitive damages in this case would violate Defendants' rights to

11   procedural due process under the Fourteenth Amendment of the United States Constitution and

12   the Constitution of the States of California and Louisiana, and would additionally violate

13   Defendants' right to substantive due process under the Fourteenth Amendment of the United

14   States Constitution.

15   **Thirty-first Defense**

16   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

17   Fourteenth Amendments to the United States Constitution.

18   **Thirty-second Defense**

19   32.    The imposition of punitive damages in this case would violate the First Amendment to

20   the United States Constitution.

21   **Thirty-third Defense**

22   33.    Plaintiffs' punitive damage claims are preempted by federal law.

23   **Thirty-fourth Defense**

24   34.    In the event that reliance was placed upon Defendants' nonconformance to an express

25   representation, this action is barred as there was no reliance upon representations, if any, of

26   Defendants.

27   **Thirty-fifth Defense**

28   35.    Plaintiffs and Decedents failed to provide Defendants with timely notice of any alleged

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  nonconformance to any express representation.

2  **Thirty-sixth Defense**

3  36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

4  proof of causation, the claims violate Defendants' rights under the United States Constitution.

5  **Thirty-seventh Defense**

6  37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

7  labeling with respect to the subject pharmaceutical products were not false or misleading and,

8  therefore, constitute protected commercial speech under the applicable provisions of the United

9  States Constitution.

10  **Thirty-eighth Defense**

11  38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

12  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

13  law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

14  protections afforded by the United States Constitution, the excessive fines clause of the Eighth

15  Amendment of the United States Constitution, the Commerce Clause of the United States

16  Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

17  Constitution of the States of California and Louisiana.  Any law, statute, or other authority

18  purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

19  and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

20  standards to guide and restrain the jury's discretion in determining whether to award punitive

21  damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

22  advance notice as to what conduct will result in punitive damages; (3)   permits recovery of

23  punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

24  conduct that was not directed, or did not proximately cause harm, to Plaintiffs and Decedents;

25  (4) permits recovery of punitive damages in an amount that is not both reasonable and

26  proportionate to the amount of harm, if any, to Plaintiffs and Decedents and to the amount of

27  compensatory damages, if any; (5) permits jury consideration of net worth or other financial

28  information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs or Decedents sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiffs' and Decedents' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs and Decedents, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs or Decedents.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedents did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs and Decedents would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-first Defense**

51.   Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedents.

**Fifty-second Defense**

52.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.   The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.   Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.   Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-sixth Defense**

56.     Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs or Decedents were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     Defendants assert all affirmative defenses applicable under the Louisiana Products Liability Act, La. Rev. State. § 9:2800.51, et seq.

**Fifty-ninth Defense**

59.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedents' alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other

1    liability which proximately caused Plaintiffs' and Decedents' injuries and damages; and

2    6.    That Defendants have such other and further relief as the Court deems appropriate.

3

4    May 30, 2008                              GORDON & REES LLP

5

6                                              By: :_____/s/_____
                                                   Stuart M. Gordon
7                                                  sgordon@gordonrees.com
                                                   Embarcadero Center West
8                                                  275 Battery Street, 20th Floor
                                                   San Francisco, CA 94111
9                                                  Telephone:  (415) 986-5900
                                                   Fax:  (415) 986-8054

10

11   May 30, 2008                              TUCKER ELLIS & WEST LLP
                                                .
12

13                                             By: :_____/s/_____
                                                   Michael C. Zellers
14                                                 michael.zellers@tuckerellis.com
                                                   515 South Flower Street, Suite 4200
15                                                 Los Angeles, CA  90071-2223
                                                   Telephone:  (213) 430-3400
16                                                 Fax:  (213) 430-3409

17                                             Attorneys for Defendants
                                               PFIZER INC., PHARMACIA
18                                             CORPORATION, AND G.D. SEARLE
                                               LLC

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 30, 2008

GORDON & REES LLP

By: :_________/s/_______________

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

May 30, 2008

TUCKER ELLIS & WEST LLP

By: :_________/s/_______________

Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC